UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-CV-20086

NINA LAWRANCE,

    Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, NINA LAWRANCE, by and through undersigned counsel, hereby sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL") and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. This is an action seeking damages in excess of $ 75,000.00, exclusive of interest, costs, and attorney's fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is claim arises under diversity of citizenship. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum-selection clause contained within the Passenger Ticket Contract issued by the Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, Plaintiff, NINA LAWRANCE, was and is a resident of La Grange, Georgia.

4. Defendant, CARNIVAL, is a foreign corporation incorporated under the laws of Panama, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

5. The Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**GENERAL ALLEGATIONS**

8. The incident which is the subject of this action occurred on or about January 11, 2016 aboard Defendant's ship, the *Paradise* (hereinafter "The Vessel") while in navigable waters as Plaintiff was disembarking a tender onto The Vessel.

9. At the time of the incident Plaintiff occupied the status of a passenger.

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled The Vessel.

11. At all times material hereto, Defendant owned, operator, managed, maintained and/or controlled the tender Plaintiff was disembarking from.

12. The tender, at the time of the incident, was too in navigable waters and was being supervised by Defendant's employees.

13. On the date of the incident, The Vessel was anchored off Grand Cayman island.

14. As is routine for the Defendant, when a vessel is anchored from an island, Defendant organizes tender boats to take passengers to and from the island.

15. Defendant transports passengers by way of the tender boats, boats that are operated and owned by the Defendant and utilized for purposes of transporting passengers to and from the vessel.

16. On the date of the incident, The Defendant positioned its employees inside the tender so they can apparently assist each passenger as they disembark the tender due to the steepness and design of the egress from the tender.  Defendant's also position employees inside the tender to apparently assist due to the inherent danger in transferring passengers from a moving vessel to another moving vessel located in the water.

17. On the date of the incident, the crew, apparently stationed to assist passengers such as the Plaintiff, failed to adequately assist the Plaintiff as Plaintiff was exiting the tender and because of the lack of assistance and the shifting of the two vessels caused Plaintiff to fall violently on her right side, injuring her shoulder and suffering a deep gash on her lower right leg that required immediately assistance and multiple sutures.

18. The tender was also not properly anchored or otherwise prevented from motion because the movement of the tender contributed to Plaintiff's falling.

19. Due to Defendant's negligence Plaintiff tripped and fell, causing severe, debilitating, and permanent injures to the Plaintiff, and reaggravation of existing injuries.

## COUNT I
## NEGLIGENCE

20. The Plaintiff hereby adopts and realleges each and every allegation in Paragraphs one (1) though nineteen (19) above.

21. At all times material hereto, CARNIVAL had a duty to use reasonable care under the circumstances, and to maintain, design and operate the tender boats and The Vessel in a reasonably safe condition and manner.

22. Additionally, at all times material hereto, CARNIVAL owed a duty to its guests, including NINA LAWRANCE, to warn them of any unreasonably dangerous conditions that are inherent with transferring passengers to The Vessel from the tender boat.

23. This duty CARNIVAL owed to Plaintiff extends to transporting passengers to and from the shore.

24. Prior to this incident, CARNIVAL knew or should have known that the condition of the door was defective and therefore unreasonably dangerous.  In addition, CARNIVAL had notice of this dangerous condition.

25. CARNIVAL breached the aforementioned duty of care owed to NINA LAWRANCE in the following ways:

    a. Failing to provide adequate assistance to passengers, such as the Plaintiff herein, in disembarking from the tender boat;

b. Failing to ensure that the tender boat was adequately anchored or otherwise prevented from movement while passengers were disembarking onto the cruise ship;

c. Failing to warn passengers about the dangerousness of the disembarkation point;

d. Failing to train crewmembers who assist passengers in disembarking from the tender on reasonableness and appropriate procedures for assisting passengers in disembarking from the tender;

e. Failing to provide reasonably safe exit at the disembarkation point of the subject tender;

f. Failing to adequately or reasonably warn passengers including the Plaintiff, about the dangers of disembarking from the tender;

g. Failing to otherwise provide reasonable method of disembarking from the tender;

h. Failing to otherwise provide reasonable safe carriage of passengers, including Plaintiff, from the vessel to shore and from the shore to vessel;

i. Failing to implement a method of operation which will be safe and reasonable and would prevent dangerous conditions such as the one in this matter;

j. Allowing an ongoing, recurring, continuous, and/or repetitive problem to occur and/or to remain, which would cause accidents or injuries;

k. Failing to instruct employees on how to warn passengers about the dangers of disembarkation of the tender; and

l. Failing to have the appropriate number of crewmembers assisting passengers disembarking from the tender to The Vessel.

26. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing the accident in which Plaintiff was severely injured.

27. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or had constructive knowledge of the dangerous condition.

28. The Defendant had constructive knowledge of the dangerous condition, by *inter alia,* (a) the length of time the dangerous condition existed; (b) the size and/or nature and/or obviousness of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thurs, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

29. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent mode of operation.

30. The Defendant created the negligent condition, was known to the Defendant, and had existed for a sufficient length of time so that Defendant should have known of it.

31. As a direct and proximate result of the negligence, the Plaintiff suffered a serious fall while disembarking the tender suffering physical injuries to her shoulder and leg.

32. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, scarring, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care

and treatment of her injuries, and suffered physical handicap. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff, NINA LAWRANCE, demands judgment for damages against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, in excess of the minimal jurisdictional limits of this Court, for economic damages in the past and in the future including but not limited to loss of wages and income, medical expenses including but not limited to the expense of physicians, hospitalization, surgical procedures, and non-economic damages in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for enjoyment of life, all court costs, all interest under the maritime law or otherwise which accrues from the date of the incident described herein, and any and all other damages which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands Trial by Jury of any issue triable of right by a jury.

Dated this ___9___ day of January 2017.
Respectfully Submitted,

                **LAW OFFICES OF BRANDON L CHASE, P.A.**
                *Attorneys for Plaintiff*
                The Ingraham Building
                25 Southeast 2nd Avenue, Eighth Floor
                Miami, Florida
                Tel        305.677.2228
                Fax       305.677.3232

     By:    */s/ Brandon L. Chase*
                **BRANDON L. CHASE**
                Florida Bar No.: 90961

## CERTIFICE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document will be served upon CARNIVAL CORPORATION at its Registered Agent's address in Plantation, Florida.

By: */s/ Brandon L. Chase*
**BRANDON L. CHASE**